UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald E. Byers, individually and on behalf of all other similarly situated persons,

Civil No. 11-87 (PAM/TNL)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Edina Couriers, LLC, a Minnesota limited liability company, and Stanley C. Olson, Jr., individually and as a member of Edina Couriers, LLC,

Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment (Docket No. 27). For the reasons that follow, the Motion to Dismiss is granted.

**BACKGROUND**

Plaintiff Ronald Byers was a "vehicle driver" for Defendant Edina Couriers LLC from 1999 to May 31, 2005. In this suit, Byers claims that Edina Couriers intentionally misclassified him as an independent contractor, rather than as an employee. Because Byers was deemed an independent contractor–and thus was self-employed for tax purposes–Edina Couriers did not withhold taxes on Byers's behalf. Although Byers was solely responsible for his tax liability, he failed to pay some or all of his taxes. Byers claims that he should

have been classified as an employee and that Edina Couriers should have withheld taxes for him. Byers also contends that Edina Couriers misrepresented to him its method of calculating payments and that Edina Couriers' tax filings contained inaccurate information.

Byers has previously challenged his tax liability in both Minnesota state court and the federal tax court. See Byers v. Comm'r of Revenue, No. 7562, 2003 WL 21729452 (Minn. Tax Ct. July 8, 2003) (unsuccessfully challenging 1999 tax liability); Byers v. Comm'r of Revenue, No. 7601, 2006 WL 2380586 (Minn. Tax Court Aug. 14, 2006) (unsuccessfully challenging 2000-2001 tax liability), aff'd 735 N.W.2d 671 (Minn. 2007); Byers v. Comm'r of Internal Revenue, No. 11606-05, T.C.M. 2007-331, 2007 WL 3254338 (U.S. Tax Ct. Nov. 5, 2007) (unsuccessfully challenging 1999-2002 tax liability), aff'd 351 Fed. App'x 161 (8th Cir. 2009), cert. denied, 131 S. Ct. 79 (2010); Byers v. Comm'r of Internal Revenue, 420 Fed. App'x 658 (8th Cir. 2011) (unsuccessfully challenging tax liability for 2004).

In the first federal case, Byers directly challenged Edina Couriers' decision to classify him as an independent contractor for tax years 1999 to 2002. The tax court thoroughly analyzed the issue and determined that Edina Couriers properly classified Byers as an independent contractor. Byers, 2007 WL 3254338, at *5-7. In the subsequent federal tax case, which involved tax year 2004, the Eighth Circuit affirmed the tax court's conclusion that Byers was collaterally estopped from again challenging his independent-contractor status because "that issue was litigated in a prior case involving the same parties and the same material facts." Byers, 420 Fed. App'x at 659.

2

Byers's current claim is grounded in Section 7434 of the Internal Revenue Code, which creates a private right of action for the filing of fraudulent tax information. 26 U.S.C. § 7434. Byers specifically asserts that Edina Couriers wrongfully classified him as an independent contractor and then fraudulently filed Form 1099s, rather than Form W-2s, with the Internal Revenue Service. Byers also argues that the information contained on the Form 1099s were inaccurate. Byers seeks to litigate this case as a class action on behalf of other similarly situated drivers.

**DISCUSSION**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Byers's only cause of action is under 26 U.S.C. § 7434, which provides in relevant part: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Byers contends that the fraudulent "information return" at issue is the Form 1099-MISC issued by Edina Couriers for each year

Byers performed work on its behalf. Byers asserts that the Form 1099s were fraudulent because Edina Couriers should have issued Form W-2s instead and because the information contained on the Forms was inaccurate.[1] The parties agree that the Form 1099s qualify as "information returns" under the statute. See 26 U.S.C. § 6041(a).

This case centers on whether Edina Couriers properly classified Byers as an independent contractor. If Byers was an independent contractor, then the crux of Byers's claim fails because Edina Couriers would have appropriately filed a Form 1099-MISC for each year Byers performed services for the company.

**A.     Statute of Limitations**

The Court notes at the outset that Byers's claim is substantially curtailed by the applicable statute of limitations. Under § 7434(c)(1), Byers had 6 years from the date of the filing of the alleged fraudulent return to bring suit. Byers initiated this case on January 12, 2011. (See Compl. (Docket No. 1).) Accordingly, only Form 1099s filed after January 12, 2005 are at issue. Because Byers's relationship with Edina Couriers ended on May 31, 2005, the only 1099 relevant to this case is the one issued for tax year 2005.

**B.     Independent-Contractor Status**

Byers first argues that the Form 1099 was fraudulent because he was misclassified as

---

[1] Byers also contends that Edina Couriers violated the statute by giving him inaccurate information as to how his pay would be calculated. This argument does not support Byers's claim because misrepresentations must be made in tax filings. 29 U.S.C. § 7434 (requiring the willful filing of fraudulent information in an "information return"). Misrepresentations outside of such filings are irrelevant. Cavoto v. Hayes, 634 F.3d 921, 924 (7th Cir. 2011).

4

an independent contractor and should have been issued a Form W-2 instead. Edina Couriers argues that Byers is collaterally estopped from raising that issue in this case.

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Air Line Pilots Ass'n Int'l v. Trans States Airlines, LLC, 638 F.3d 572, 579 (8th Cir. 2011) (quoting W.F.M., Inc. v. Cherry Cnty., Neb., 279 F.3d 640, 643 (8th Cir. 2002)). Byers's claim will be estopped if: (1) the issue in the prior adjudication was identical; (2) the was a final judgment on the merits of the issue; (3) the estopped party (Byers) was a party in the prior adjudication; and (4) Byers had a full and fair opportunity to be heard on the issue. Oldham v. Pritchett, 599 F.2d 274, 279 (8th Cir. 1979).

This standard is readily met in this case. Byers litigated the issue of his independent-contractor status in his first federal case. Byers, 2007 WL 3254338, at *5-7. There was a final judgment on the merits of the issue in that case. See id. Byers was a party to the prior adjudication and had a full opportunity to explore the issue at that time. See id. Indeed, in his second federal tax case, the tax court determined that Byers was collaterally estopped from raising the issue again. The Eighth Circuit affirmed that determination. Byers, 420 Fed. App'x at 659.[2] The Court finds no basis to come to a different conclusion in the context

---

[2] The Court may consider public records such as opinions in other cases in deciding a motion to dismiss. Noble Sys. Corp. v. Alorica Central, LLC, 543 F.3d 978, 983 (8th Cir.

of this case.

In his responsive papers, Byers argues that the doctrine of collateral estoppel does not apply because his relationship with Edina Couriers changed materially after 2002.[3] Specifically, Byers points to the following un-pleaded assertions in support of this argument that his status changed after 2002: (1) Edina Couriers placed a GPS in his vehicle; (2) Edina Couriers required him to transport hazardous materials; and (3) Edina Couriers dictated his routes, days of service, and the clients he would serve. (Byers Decl. ¶ 11 (Docket No. 53).) However, the Amended Complaint contains no allegations supporting Byers's claim that his relationship with Edina Couriers changed after 2002. (See Am. Compl. (Docket No. 37).) Even if such allegations were properly before the Court and assumed for purposes of this Motion to be true, they do not affect the independent-contractor analysis, see Ewens & Miller, Inc. v. Comm'r of Internal Revenue, 117 T.C. 263, 270 (U.S. Tax Ct. 2001), and thus do not result in a material change in Byers's relationship with Edina Couriers. Accordingly, the Court must conclude that Byers is fully estopped from challenging his independent-contractor status as to the years after 2002 as well. See Syndes v. Comm'r of Internal Revenue, 647 F.2d 813, 814-15 (8th Cir. 1981) (holding that the doctrine of collateral estoppel is "applicable to situations in which the legal matter raised in a second or subsequent

2008).

---

[3] The first federal tax case involved tax years 1999-2002. Byers, 2007 WL 3254338.

6

suit is identical in all respects to the issue decided in the first proceeding and the controlling facts and applicable legal principles remain the same"); Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 90 (1st Cir. 2007) (holding that collateral estoppel applies where changed circumstances are not material).

## C.    Accuracy of Information

Byers also bases his claim on the assertion that the Form 1099 was fraudulent because it contained inaccurate information. Byers first argues that the Form was inaccurate because it indicated that Edina Couriers had not withheld any income for tax purposes. (Am. Compl. ¶¶ 73-75.) Byers claims that Edina Couriers did in fact withhold a portion of his income in the exact amount required to be withheld for tax purposes. (Id. ¶ 75.) Byers also alleges, however, that the income deducted from his compensation was actually for vehicle lease payments under the parties' Vehicle Lease, and not withholding for tax purposes. (Id. ¶ 76.) This acknowledgment directly undermines his allegation that the Form 1099 inaccurately states that there was no withholding for tax purposes. In other words, Byers agrees that Edina Couriers did not withhold taxes on his behalf; therefore Edina Couriers' statement to that effect was accurate.

In order to bypass this contradiction, Byers conclusorily asserts that the Vehicle Lease was merely "legal subterfuge" to enable Edina Couriers to evade its own tax liabilities. (Id. ¶ 26.) Byers provides no additional facts in support of this alleged fraud, however. The bare allegation that the Vehicle Lease was somehow fraudulent is insufficient to meet the

7

heightened pleading requirements that apply to claims of fraud.  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Nor do Byers's allegations in this regard meet the plausibility standard articulated in Twombly.  550 U.S. at 570.

Byers also alleges that the Form 1099 was fraudulent because it did not show the deductions made pursuant to the Vehicle Lease.  (Am. Compl. ¶ 78.)  Even if true, Edina Couriers' failure to include such information on the Form does not support a claim of fraud because the form itself does not require the disclosure of such information.  (See Olson Aff., Ex. C (Docket No. 30).)[4]  And, in any event, Byers has not alleged facts that would support his claim that Edina Couriers failed to include such information on the Form 1099 in order to perpetrate some kind of fraud.

In summary, Byers has failed to state a claim of fraud under 26 U.S.C. § 7434 and the Court must dismiss his Amended Complaint.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[4] The Court may consider the Form 1099 at issue on a motion to dismiss because it is embraced by Byers's Amended Complaint.  Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

8

1. Defendants' Motion to Dismiss (Docket No. 27) is **GRANTED**; and

2. Plaintiff Ronald E. Byers's First Amended Complaint (Docket No. 37) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 17, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge